IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-196 (1) |
| | § | |
| SERGIO CHAVEZ, | § | |
|     Defendant. | § | |

## ORDER DENYING LETTER MOTION FOR TRANSCRIPTS

Pending before the Court is a letter motion sent by Defendant Sergio Chavez ("Chavez"), in which he requests copies of the transcripts in his criminal case. (D.E. 58). The letter was received by the Clerk on November 27, 2006. Chavez previously filed a motion requesting copies of his trial and sentencing transcripts, as well as other portions of the record. (D.E. 56). He claimed that he needed the documents in order to prepare a motion pursuant to 28 U.S.C. § 2255. (D.E. 56 at 1). He asked the Court to either (1) direct the Clerk to send him the requested documents; or (2) order his counsel of record to forward the documents to him.

In its Order entered October 26, 2006, the Court granted that prior motion in part and denied it in part. (D.E. 57). Specifically, the Court granted his motion as to certain documents, and directed the Clerk to provide Chavez with a copy of his judgment and the docket sheet in his case. The Court further concluded, however, that Chavez was not entitled to transcripts at government expense, because he did not have a pending suit before the Court. (See D.E. 57 at 2 (citing 28 U.S.C. § 753(f)). The Court encouraged Chavez to contact his appellate counsel to request copies, but instructed that if he was unable to receive them from counsel, he could "contact the Clerk of this Court to obtain copies at his own expense." (D.E. 57 at 2).

In his latest filing, Chavez provides a copy of a letter from counsel stating that counsel no longer has the case file. Chavez again requests the transcripts from the Court. He states that they are "of essence in support" of his anticipated § 2255 motion. (D.E. 58 at 1).

For the reasons set forth in the Court's prior order, the Court again concludes that Chavez is not entitled to transcripts at government expense, even assuming he could prove he is indigent. (D.E. 57); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Accordingly, his letter motion for free copies of transcripts is DENIED.

Finally, the Court also notes that Chavez is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

ORDERED this 21st day of December, 2006.

_____
Janis Graham Jack
United States District Judge