IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-196 |
| | § | C.A. No. C-07-161 |
| SERGIO CHAVEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER SETTING EVIDENTIARY HEARING

Pending before the Court is Sergio Chavez's ("Chavez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 60.)[1] Also before the Court is the government's response, which moves for the dismissal of Chavez's motion. (D.E. 68, 69.) On August 10, 2007, Chavez filed a reply (D.E. 70), which the Court has also considered.

For the reasons set forth below, the Court withholds ruling at this time on all of Chavez's grounds for relief. As to his claim that he was denied effective assistance of counsel because his counsel "grossly underestimated" his sentencing exposure and failed to inform him that his prior convictions could be used to enhance his sentence, the Court orders an evidentiary hearing.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. PROCEDURAL HISTORY

**A.    Summary of Offense[2]**

On June 20, 2003, Chavez was the driver and sole occupant of a Ford Explorer which entered

---

[1] Docket entry references are to the criminal case, Cr. No. C-03-196.

[2] The offense conduct as set forth herein is derived from Paragraphs 4 through 11 of Chavez's Presentence Investigation Report ("PSR").

the U.S. Border Patrol Checkpoint in Sarita, Texas. Chavez informed the officers that he was a U.S. citizen and was traveling from Raymondville, Texas to San Antonio, Texas, to look for employment. The Border Patrol agent noticed that Chavez avoided eye contact as he spoke, and the agent also detected a slight odor of Ben Gay ointment, which is often used by drug smugglers to mask the odor of narcotics. The agent asked for permission to open Chavez's rear driver's side door, to which Chavez agreed. When the agent opened the door, he noticed that screws used to hold the back seat in place had been tampered with and that one of the screws was missing. The agent also observed loose carpeting under the rear seat and fresh undercoating on the bottom of the vehicle. The agent requested permission to perform an additional search on the vehicle. Chavez agreed.

Once in the secondary inspection area, a drug canine alerted underneath the driver's side wheel well. A further search of the vehicle revealed a trap door in the cargo area of the vehicle which concealed a compartment containing 29 bundles of cocaine with a net weight of 18.92 kilograms and an estimated value of $1,728,000.00. Chavez was read his Miranda Rights and elected not to answer any questions without an attorney. After agents with the Drug Enforcement Administration arrived, Chavez informed the agents that he had purchased the car two days prior for $1,500.00. He declined to answer any further questions without an attorney.

**B.    Criminal Proceedings**

On July 9, 2003, Chavez was charged in a single-count indictment with possession with intent to distribute approximately 18 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Chavez pleaded not guilty and filed motions to suppress both the cocaine and the statements he made at the Checkpoint. (D.E. 3, 5, 6.) The motions to suppress were prepared and filed by Chavez's counsel at the time, Assistant Federal Public Defender Chris Jenkins. Several days after they were filed, however, Chavez retained Alfred Montelongo to represent him. Mr. Montelongo

filed a supplemental motion to suppress and represented Chavez at both the suppression hearing and at trial.

The Court held a hearing on the motions to suppress on August 20, 2003. (D.E. 16.) At the conclusion of the hearing, the Court found that Chavez was not detained for a prolonged period of time during citizenship questioning and that the search of his vehicle, which led to discovery of the cocaine, was not illegal. The Court agreed with defense counsel, however, that Chavez's statements in response to the questions "Do you know why you were here?" and "Do you know what was found in your vehicle?" should be suppressed because Chavez had requested legal counsel prior to those questions being asked. (D.E. 16; D.E. 43, Transcript of Suppression Hearing ("Supp. Tr.") at 154-170.)

Chavez's case was tried to a jury on August 25, 2003 and the jury returned a guilty verdict. (D.E. 22-29.) Pursuant to the Court's instructions (D.E. 30), the probation department prepared a Presentence Investigation Report ("PSR"). The PSR calculated Chavez's base offense level to be 34, and made no adjustments to that offense level. (PSR at ¶¶ 11-21.) When coupled with his criminal history category of III, the resulting guideline range was 188 to 235 months. (PSR at ¶ 51.) Chavez, through counsel, filed written objections to the PSR, challenging the PSR's failure to give him credit for acceptance of responsibility. (D.E. 31.) Counsel argued that Chavez went to trial in order to preserve his right to appeal the denial of his suppression motions, but that he had accepted responsibility for his actions and should receive a three-level credit pursuant to U.S.S.G. § 3E1.1. (D.E. 31.)

Chavez was sentenced on November 6, 2003. During sentencing, the Court overruled Chavez's objection to the denial for acceptance of responsibility. (D.E. 47, Transcript of November 6, 2003 Sentencing ("S. Tr.") at 12.) The Court also refused to grant the defendant a minor role

reduction, which his counsel requested. (S. Tr. at 13.) The Court adopted the PSR as written, and concluded that the guideline imprisonment range was 188 to 235 months. The government recommended a sentence of 211 months, in the middle of the guideline range, but the Court sentenced Chavez to the lowest end of the guidelines, 188 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 fine and a $100 special assessment. (S. Tr. at 17.) Judgment was entered on November 10, 2003. (D.E. 37.)

Chavez timely appealed and was represented on appeal by appointed attorney Chris Iles. (D.E. 38, 40.) The Fifth Circuit affirmed in a *per curiam* opinion issued on August 19, 2004. (D.E. 49, 50.) On January 24, 2005, however, the Supreme Court issued a writ of certiorari (D.E. 51), vacating the judgment and remanding the case to the Fifth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). (See D.E. 51.) On remand, the Fifth Circuit asked for supplemental briefing addressing the impact of Booker. Chavez's counsel filed a brief admitting that Booker had no impact on the decision in his case. (D.E. 54 at 2.) The Fifth Circuit thus reinstated its judgment affirming Chavez's conviction and sentence. (D.E. 54 at 2.) Chavez again filed a petition for writ of certiorari, but the Supreme Court denied it on April 17, 2006. (D.E. 55.) Chavez then filed the instant § 2255 motion, which was received by the Clerk on April 6, 2007. (D.E. 60.) It is timely.

### III. MOVANT'S ALLEGATIONS

Chavez lists three grounds for relief in his motion. First, he claims that his Fifth and Sixth Amendment rights were violated when the Court enhanced his sentence based on his prior convictions. He argues that the Court violated his rights pursuant to Booker by doing so, because the jury did not make a finding of his prior convictions, nor did he admit them.

Second, in a related argument, he claims that his sentence must be vacated because he was never advised, prior to proceeding to trial, that his sentence could be enhanced based on his prior

4

convictions. He claims that, had he known about his greater sentencing exposure, he "would have been far more likely to plead guilty rather than to proceed to trial." (D.E. 60 at 6.) In connection with this claim, he also argues that his counsel insisted that he proceed to trial, telling him he had a "good chance" of winning, "nothing to lose," and that it was the only way to preserve his "appellate issues." (D.E. 60 at 6-7.)

In his third ground for relief, Chavez argues that his defense counsel was constitutionally ineffective because he "grossly underestimated" Chavez's sentencing exposure. He claims that, absent his counsel's poor advice, he would have been far more likely to plead guilty and to try to avail himself of the reduction for acceptance of responsibility.

In his supporting memorandum, Chavez also appears to be faulting his appellate counsel. Specifically, he claims that he was denied effective assistance of counsel because his appellate counsel, Chris Iles, failed to provide a brief containing a Booker argument favorable to Chavez in his brief filed with the Fifth Circuit. Chavez deduces from this that Iles "had no knowledge of the Booker benefits available to Chavez." (See D.E. 60, Supp. Mem. at p. 4 of 14.)

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not

5

have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B. Claim of Ineffective Assistance of Counsel Based on Erroneous Estimation of Sentencing Exposure

Chavez's claim that his counsel grossly underestimated his sentence and failed to advise him that his prior criminal conduct could enhance his sentence is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Chavez claims in his motion that his counsel, Alfred Montelongo, repeatedly told him that he would receive between 10 and 12 years if he was found guilty by the jury and that a plea agreement would still result in a 10-year sentence. Additionally, Chavez argues in his reply that his counsel "never read the Sentencing Guidelines to him prior to proceeding to trial and that if he had, Chavez would not have proceeded to trial knowing that he faced between 151 and 188 months in prison."

6

(D.E. 70 at 2.) Chavez also claims that counsel failed to advise him that his prior convictions could be used to enhance his sentence.

It is worth noting that his counsel disputes Chavez's claims. On this issue, Montelongo has provided an affidavit in which he testifies that he advised Chavez that, if found guilty, he faced a level 34 punishment, would not be eligible for any reduction, and that his criminal history would increase the number of months he would be imprisoned. (D.E. 69, Ex. A, Montelongo Aff.) Montelongo specifically avers that Chavez was aware that, if he was found guilty after trial, any punishment would begin at 151-188 months, based on an Offense Level 34, and a Criminal History Category of I. (D.E. 69, Ex. A, Montelongo Aff.)

In addressing Chavez's claim, the Court is guided by the Fifth Circuit's decision in United States v. Grammas, 376 F.3d 433 (5th Cir. 2004), wherein the appellate court held:

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by Strickland. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. ... By grossly underestimating [the defendant's] sentencing exposure ..., [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

Grammas, 376 F.3d at 436-37 (internal citations omitted) (alterations in original).

To show prejudice in such a case, the defendant must demonstrate that, absent his counsel's deficiencies, he would have pleaded guilty, and that there was a reasonable probability that he would have received a lesser sentence. See, e.g., Grammas, 376 F.3d at 438-39 (it was a question of fact whether the defendant would have pleaded guilty had he been properly counseled as to his potential punishment and received a lesser sentence); United States v. Herrera, 412 F.3d 577, 582 (5th Cir. 2005) (noting that the evidentiary hearing would assist the district court in determining whether the

7

defendant relied on his attorney's alleged misrepresentations in rejecting the government's plea offer).

In this case, the Court cannot determine on the basis of the current record whether Montelongo was deficient in advising Chavez about his sentencing exposure. Chavez and Montelongo have presented conflicting accounts of the advice given by Montelongo, and the Court cannot determine which account is more accurate without evaluating the credibility of both individuals.

Additionally, the current record does not reflect what plea agreement was offered or discussed, if any, nor does it definitively show whether Chavez would have pleaded guilty, had he known of his true sentencing exposure. See Grammas, 376 F.3d at 438-39; Herrera, 412 F.3d at 582. Notably, however, had Chavez pleaded guilty, he likely would have received some credit for acceptance of responsibility, resulting in a lower guideline range. See Grammas, 376 F.3d at 439 n.5. Thus, there is the potential that Chavez suffered prejudice.

Because the Court cannot determine on the basis of the current record whether Chavez can show either deficiency or prejudice, the Court must hold an evidentiary hearing to resolve these issues. See Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; see also Herrera, 412 F.3d 577 (remanding § 2255 motion for evidentiary hearing before the district court where the record was unclear as to whether attorney improperly advised defendant of his maximum sentencing exposure).

If the Court grants Chavez relief on this claim, one possible remedy may be to permit Chavez to plead guilty and to resentence him. If that occurs, his remaining claims will be rendered moot. Accordingly, the Court will not address those claims at this time. If, at the conclusion of the hearing, the Court denies relief on Chavez's first claim, it will then address his remaining grounds for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on Chavez's § 2255 motion.  **The evidentiary hearing is set for 9:45 a.m. on Friday, November 9, 2007.**

Chavez is entitled to be represented by counsel at the hearing.  See Rules Governing Section 2255 Motions 8(c).  Accordingly, attorney Joel Thomas is hereby appointed to represent Chavez at the evidentiary hearing.  A copy of this Order shall be provided to Mr. Thomas, as well as directly to Chavez.

ORDERED this 12th day of September, 2007.

_____
Janis Graham Jack
United States District Judge