### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-196 |
| | § | |
| SERGIO CHAVEZ, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Pending before the Court is Defendant Sergio Chavez's ("Chavez") "Motion to Reduce the Term of Imprisonment Under 18 USC § 3582," received by the Clerk on September 29, 2008. (D.E. 90.) In it, Chavez argues that his sentence should be reduced based on the "Amendment 12 to the Sentencing November, 2007 Guidelines," which the Court believes is a reference to Amendment 709 to the United States Sentencing Guidelines. Specifically, Chavez argues that under the amended guideline, his criminal history score would be lower. He also argues that the Court improperly scored one of his convictions at sentencing, because he committed the offense before the age of 18, and that his sentence was "unreasonable." He asks that the Court resentence him under the new guidelines and find that he has a criminal history category of I, instead of III. (D.E. 90 at 4.) For the reasons set forth herein, Chavez's motion is DENIED.

### I. BACKGROUND

On July 9, 2003, Chavez was charged in a single-count indictment with possession with intent to distribute approximately 18 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(A). Chavez's case was tried to a jury on August 25, 2003 and the jury returned a guilty verdict. (D.E. 22-29.)

On November 6, 2003, the Court sentenced Chavez to 188 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 fine and a $100 special assessment. (S. Tr. at 17.) Judgment was entered on November 10, 2003. (D.E. 37.)

Chavez timely appealed and the Fifth Circuit affirmed in a *per curiam* opinion issued on August 19, 2004. (D.E. 49, 50.) On January 24, 2005, however, the Supreme Court issued a writ of certiorari (D.E. 51), vacating the judgment and remanding the case to the Fifth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). (See D.E. 51.) On remand, the Fifth Circuit reinstated its judgment affirming Chavez's conviction and sentence. (D.E. 54 at 2.) Chavez again filed a petition for writ of certiorari, but the Supreme Court denied it on April 17, 2006. (D.E. 55.) Chavez then filed a motion pursuant to 28 U.S.C. § 2255 (D.E. 60), which was denied by this Court by order entered November 13, 2007. (D.E. 74, 75.) Chavez filed a notice of appeal from that denial, and the Fifth Circuit has not yet determined whether a Certificate of Appealability will issue. (See generally Docket in United States v. Chavez, No. 07-41244 (5th Cir.).)

## II. ANALYSIS

### A.   18 U.S.C. § 3582(c)(2)

The statute pursuant to which Chavez seeks relief, 18 U.S.C. § 3582, permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, but only if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18

U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is found at United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.10. Id. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c). If an amendment is not listed in that section, a retroactive reduction in sentence is not authorized. U.S.S.G. § 1B1.10(a); see also United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).[1]

**B.     Amendment 709**

Chavez requests relief pursuant to Guideline Amendment 709, which modified a provision of the guidelines that directs how to compute a defendant's criminal history, U.S.S.G. § 4A1.2. It was one of a number of amendments which became effective on November 1, 2007, long after Chavez was sentenced. Thus, he is entitled to relief under Amendment 709 only if that Amendment is retroactively applicable.

Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as an amendment to be applied retroactively; therefore, it is not retroactive. Other courts that have addressed the issue have reached the same conclusion. See, e.g., United States v. Wood, 526 F.3d 82, 88 (3d Cir. 2008) (refusing to apply Amendment 709 retroactively); United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008) (Amendment 709 is not retroactive); United States v. Godin, 522 F.3d 133, 134-35 (1st Cir. 2008) (same); see also United States v. Wilson, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago,

---

[1] Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable").

Because Amendment 709 cannot be retroactively applied to Chavez's case, he is not entitled to a reduction in sentence. Additionally, the Court has reviewed the other arguments in his motion, including his argument that his criminal history category was incorrectly calculated, and finds no merit in them. There is no other basis on which this Court could reduce his sentence. His motion is therefore DENIED.

### III. CONCLUSION

For the foregoing reasons, Chavez's motion for a reduced sentence pursuant to 18 U.S.C. § 3582 (D.E. 90) is DENIED.

It is so ORDERED this 30th day of September, 2008.

_____
Janis Graham Jack
United States District Judge