UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:03-CR-196-1 |
| § | |
| SERGIO CHAVEZ § | |

### ORDER

Sergio Chavez appealed this Court's denial of his motion for reconsideration of the Court's denial of a sentence reduction pursuant to Amendment 782. The Fifth Circuit remanded to this Court to reconsider the factual basis of this Court's denial of the motion. Upon reconsideration, the Court again denies relief for the reasons stated herein.

Chavez was convicted after a jury trial and was sentenced in 2003 for possession with intent to distribute 18 kilograms of cocaine. D.E. 37. At trial, the cocaine was valued at nearly $2 million. D.E. 47, p. 17.

Chavez' Presentencing Investigation Report (PSR) identified a lengthy criminal record beginning as a juvenile. D.E. 32, ¶¶ 22-33. His juvenile offenses included two convictions for malicious mischief, trespass, burglary, two assaults, unlawful possession of a controlled substance, escape, and multiple theft charges. Once he became an adult, Chavez was convicted of possession of a dangerous weapon (a loaded handgun), attempting to elude police (which involved a high-speed car chase), disorderly conduct, and two separate driving while license suspended convictions. At age 24, his criminal history points totaled six and resulted in criminal history category III. *Id*., ¶¶ 22-34. The guideline sentencing range was 188 to 235 months. *Id*., ¶ 51. At the time of sentencing, a bench warrant was outstanding against Chavez for his failure to

appear on a violation of an order of protection. At sentencing, the Court adopted the PSR and sentenced Chavez to a low-end guideline sentence of 188 months. D.E. 37.

Although Chavez qualified for consideration of a sentence reduction pursuant to Amendment 782, "the decision whether to reduce a sentence is left to the sound discretion of the trial court." *United States v. Boe*, 117 F.3d 830, 832 (5th Cir. 1997). The Court is required to consider the factors set out in 18 U.S.C. § 3553(a). *Id*. The Court considered Chavez' history and personal characteristics as set out in the original PSR and the criminal proceeding. The Court denied Chavez' motion for a sentence reduction by Order of the Court dated February 2, 2015, based upon the continuing need to protect the community, one of the § 3553 factors. D.E. 96.

The Court is aware that while in BOP custody, Chavez completed the Residential Drug Treatment Program and numerous self-improvement (D.E. 97-1), but nevertheless finds that Chavez' postsentencing rehabilitation efforts do not outweigh the public safety concerns caused by Chavez' criminal record. Under all of the circumstances and considering all of the § 3553(a) factors, the Court DENIES Chavez' motion for reconsideration (D.E. 105).

SIGNED and ORDERED this 18th day of August, 2015.

_____
Janis Graham Jack
Senior United States District Judge